IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**BRANDON JAMERSON,**

  **Petitioner,**

  v.               CASE NO. 22-3178-JWL-JPO

**(FNU) HUDSON, Warden,**
**USP-Leavenworth,**

  **Respondent.**

## MEMORANDUM AND ORDER

This matter is a petition for habeas corpus filed under 28 U.S.C. § 2241. Petitioner is confined at USP-Leavenworth in Leavenworth, Kansas. Petitioner alleges that he has not received his earned time credits under the First Step Act ("FSA"). The Court dismisses the Petition for failure to exhaust administrative remedies.

**I. Background**

Petitioner is incarcerated with the BOP and is housed at USP-Leavenworth in Leavenworth, Kansas. Petitioner was sentenced in the Western District of Arkansas and is currently serving a sentence of 100 months for Possession with Intent to Distribute Methamphetamine, in violation of 21 U.S.C. § 841(a)(1), and has a projected release date of April 18, 2024. (Doc. 9–1, Declaration of E. Main ("Main decl."), ¶ 4; Doc. 9–1, at 8–10.)

Petitioner is eligible to earn time credits under the FSA and has earned a total of 180 days of credit. (Doc. 9–2, Declaration of L. Harvey ("Harvey decl."), at ¶ 13.) However, due to Petitioner's High PATTERN score, he is not eligible to have his earned time credits applied towards his prerelease custody or early placement in an RRC. *Id.* at ¶ 14. In order to be eligible

for the credits to be applied, Petitioner would have to achieve a Low or Minimum PATTERN score and maintain it for two consecutive assessments. *Id*.

Petitioner filed the instant § 2241 petition seeking to have his earned time credits applied to his sentence. (Doc. 1, at 8.) Petitioner argues that his BOP Unit Manager/Case Manager has failed to properly reassess a lower PATTERN score for Petitioner. (Doc. 10, at 2.)

## II. Discussion

To obtain habeas corpus relief, an inmate must demonstrate that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A § 2241 petition is appropriate when a prisoner challenges the execution of his sentence rather than the validity of his conviction or sentence. *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997).

Federal prisoners proceeding under § 2241 must exhaust their available administrative remedies. *Garza v. Davis*, 596 F.3d 1198, 1203 (10th Cir. 2010) ("The exhaustion of available administrative remedies is a prerequisite for § 2241 habeas relief, although we recognize that the statute itself does not expressly contain such a requirement.") (citation omitted)). The exhaustion requirement allows the BOP "an opportunity to correct its own mistakes . . . before it is haled into federal court" and it discourages "disregard of [the agency's] procedures." *Woodford v. Ngo*, 548 U.S. 81, 89 (2006) (quotations omitted). The exhaustion requirement is satisfied when the petitioner "us[es] all steps that the agency holds out." *Id.* at 90.

The BOP's four-part administrative remedy program is codified at 28 C.F.R. § 542. *See also* Program Statement 1330.18, *Administrative Remedy Program* (Doc. 9–1, at 12–27). The program is designed to address a federal inmate's concerns regarding any aspect of his or her confinement. *Id*. at 12.

The administrative remedy program requires an attempt at the informal resolution of a grievance followed by formal grievances addressed at the institutional, regional, and national levels. The BOP's administrative remedy process involves four steps:

> First, the inmate raises an informal complaint to BOP staff, who "shall attempt to informally resolve the issue." 28 C.F.R. § 542.13(a). Second, the inmate files an Administrative Remedy Request, or BP-9 form, with the warden. § 542.14(a). Third, the inmate appeals to the regional director through a BP-10 form, which must be accompanied by "one complete copy or duplicate original" of the BP-9 and the warden's response. § 542.15(a), (b)(1). Fourth, the inmate appeals to the general counsel at the central office with a BP-11 form that must also be accompanied by "one complete copy or duplicate original of the institution and regional filings"—i.e., the BP-9 and BP-10 forms—"and their responses." § 542.15(a), (b)(1).

*Fernandez-Perez v. Greilick*, No. 21-1116, 2021 WL 4515253, at *1 (10th Cir. 2021) (unpublished). Exhaustion requires completing all levels of review. *See Woodford*, 548 U.S. at 90 (finding that exhaustion requires "using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)") (citation omitted)). "If the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level." 28 C.F.R. § 542.18.

Respondent alleges that Petitioner failed to fully exhaust administrative remedies before filing this action. A review of Petitioner's administrative remedy history reveals that he filed three administrative remedies regarding First Step Act credits (one each at the institution, regional, and Central Office levels). *See* Main decl., at ¶¶ 13–17; Doc. 9–1, at 29–37. However, Petitioner's Central Office appeal (Remedy No. 1116358-A1) was rejected as not properly filed.[1]

---

[1] This Remedy was rejected on September 30, 2022, with the codes "ATT RSA OTH." Main decl., ¶ 16; Doc. 9–1, at 37. "ATT" means the inmate did not submit the correct number of copies of the attachments. "RSA" means the inmate may resubmit their appeal in proper form within 15 days of the date of the rejection notice. "OTH" means see remarks. The remarks state "PROVIDE 4 COPIES OF ATTACHEMENTS [sic] IN YOU[R] BP-11." *Id*. Thus, Petitioner's submission of Remedy 1116358-A1 was rejected because his submission did not have the required

*Id*. Accordingly, Petitioner did not fully exhaust his administrative remedies regarding the issues raised in his Petition.

Petitioner argues that he should be excused from exhausting his administrative remedies because the effort would be futile. (Doc. 10, at 1.) Although exhaustion of available administrative remedies is a prerequisite for § 2241 habeas relief, a narrow exception to the exhaustion requirement applies if a petitioner can demonstrate that exhaustion would be futile. *Daybell v. Davis*, 366 F. App'x. 960, 962 (10th Cir. 2010) (unpublished) (citations omitted); *see Garza*, 596 F.3d at 1203 (recognizing "narrow exception to the exhaustion requirement" when "petitioner can demonstrate that exhaustion is futile").

The petitioner in *Garner* argued that the Court should waive the exhaustion requirement because the delay caused by exhaustion would deprive him of the opportunity to receive a full twelve-month placement in an RRC. *Garner v. United States*, Case No. 21-3138-JWL, 2021 WL 3856618, at *2 (D. Kan. Aug. 30, 2021). This Court held that:

> similar arguments regarding the timing of administrative review have been rejected. In *Salters v. Hudson*, this Court rejected petitioner's argument that exhaustion should be excused because it would take too long and cause irreparable harm. *Salters*, 2020 WL 3960427, at *3. The Court noted that a similar argument was rejected in *Gaines v. Samuels*, where petitioner argued that requiring full exhaustion would deprive him of time in an RRC. *Id.* (citing *Gaines v. Samuels*, No. 13-3019-RDR, 2013 WL 591383, at *2 (D. Kan. Feb. 14, 2013) (finding no extraordinary circumstance to warrant waiver of exhaustion requirement); *see also McIntosh v. English*, No. 17-3011-JWL, 2017 WL 2118352 (D. Kan. May 16, 2017)). The Court noted in *Gaines* that "[t]he Supreme Court has required that even those inmates who may be entitled to immediate release exhaust their administrative remedies." *Id.* (citing *Gaines*, 2013 WL 591383, at *2 (citing *Preiser v. Rodriguez*, 411 U.S. 475, 494–95 (1973))); *see also Koger v. Maye*, No. 13–3007–RDR, 2013 WL 591040, at *2–3 (D. Kan. Feb. 14, 2013) (rejecting a similar argument and finding that "exhaustion of administrative

---

number of copies and he was given an opportunity to resubmit his appeal within fifteen days. Petitioner did not resubmit this remedy. *Id.*

> remedies is not rendered futile simply because a prisoner anticipates he will not obtain relief on administrative appeal before the final year of his sentence ... [t]he twelve-month mark in the Second Chance Act is an express statutory maximum, and not a mandated minimum.").

*Garner*, 2021 WL 3856618, at *3; *see also Samples v. Wiley,* 349 F. App'x 267, 269 (10th Cir. 2009) (unpublished) (finding futility argument not supported by contention that administrative process is too slow and it was unlikely the BOP procedure would be completed by the date on which petitioner would have needed to be transferred to an RRC in order to receive a twelve-month RRC placement).

Petitioner has not shown that exhaustion would be futile or that the Court should waive the exhaustion requirement. The exhaustion requirement allows the BOP "an opportunity to correct its own mistakes . . . before it is haled into federal court" and it discourages "disregard of [the agency's] procedures." *Woodford*, 548 U.S. at 89 (quotations omitted). The Court is therefore dismissing the Petition without prejudice for failure to exhaust administrative remedies.

**IT IS THEREFORE ORDERED** that the Petition is **dismissed without prejudice** for failure to exhaust administrative remedies.

**IT IS SO ORDERED**.

**Dated December 1, 2022, in Kansas City, Kansas.**

<u>S/ John W. Lungstrum</u>
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**